UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

ESTATE OF CHRISTOPHER A. CHAMPINE,

    Plaintiff,

    *v.*                                                    Case No: 23-C-1392

BROWN COUNTY, et al.,

    Defendants.
_____

## HIPAA QUALIFIED PROTECTIVE ORDER
_____

**IT IS THEREFORE ORDERED** that, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure:

1.    **DESIGNATION OF CONFIDENTIAL OR ATTORNEYS' EYES ONLY INFORMATION**. Designation of information under this Order must be made by placing or affixing on the document or material, in a manner that will not interfere with its legibility, the words "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

    A.    One who produces information, documents, or other material may designate them as "CONFIDENTIAL" when the person in good faith believes they contain trade secrets or nonpublic confidential technical, commercial, financial, personal, health, or business information.

    B.    One who produces information, documents, or other material may designate them as "ATTORNEYS' EYES ONLY" when the person in good faith believes that they contain particularly sensitive trade secrets or other nonpublic confidential technical, commercial, financial, personal, or business information that requires protection beyond that afforded by a CONFIDENTIAL designation.

    C.    Except for information, documents, or other materials produced for inspection at the party's facilities, the designation of confidential information as CONFIDENTIAL or ATTORNEYS' EYES ONLY must be made prior to, or contemporaneously with, their production or disclosure. In the event that information, documents or other materials are produced for inspection at the party's facilities, such information, documents, or other materials may be produced for inspection before being marked confidential. Once specific information, documents, or other materials have

been designated for copying, any information, documents, or other materials containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated them. There will be no waiver of confidentiality by the inspection of confidential information, documents, or other materials before they are copied and marked confidential pursuant to this procedure.

D. Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives taken in this action will be deemed confidential only if designated as such when the deposition is taken or within 30 days of receipt of the deposition transcript. This paragraph does not apply to transcripts of depositions taken outside of this case.

E. If a party inadvertently produces information, documents, or other material containing CONFIDENTIAL or ATTORNEYS' EYES ONLY information without marking or labeling it as such, the information, documents, or other material shall not lose its protected status through such production and the parties shall take all steps reasonably required to assure its continued confidentiality if the producing party provides written notice to the receiving party within 10 days of the discovery of the inadvertent production, identifying the information, document or other material in question and of the corrected confidential designation.

2. **DISCLOSURE AND USE OF CONFIDENTIAL INFORMATION.** Information, documents, or other material designated as CONFIDENTIAL OR ATTORNEYS' EYES ONLY under this Order must not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraphs (2)(A) and (2)(B) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information, documents, or other material were disclosed (including appeals). Nothing in this Order prohibits a receiving party that is a governmental agency from following its routine uses and sharing such information, documents or other material with other government agencies or self-regulatory organizations as allowed by law.

A. **CONFIDENTIAL INFORMATION.** The parties and counsel for the parties must not disclose or permit the disclosure of any information, documents or other material designated as "CONFIDENTIAL" by any other party or third party under this Order, except that disclosures may be made in the following circumstances:

i. Disclosure may be made to employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the

provisions of this Order requiring that the information, documents, or other material be held in confidence.

ii. Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed who are identified as such in writing to counsel for the other parties in advance of the disclosure of the confidential information, documents or other material.

iii. Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making copies of documents or other material. Before disclosure to any such court reporter or person engaged in making copies, such reporter or person must agree to be bound by the terms of this Order.

iv. Disclosure may be made to consultants, investigators, or experts (collectively "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Before disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this Order requiring that the information, documents, or other material be held in confidence.

v. Disclosure may be made to deposition and trial witnesses in connection with their testimony in the lawsuit and to the Court and the Court's staff.

vi. Disclosure may be made to persons already in lawful and legitimate possession of such CONFIDENTIAL information.

B. **ATTORNEYS' EYES ONLY INFORMATION.** The parties and counsel for the parties must not disclose or permit the disclosure of any information, documents, or other material designated as "ATTORNEYS' EYES ONLY" by any other party or third party under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

i. Disclosure may be made to counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this Order requiring that the information, documents, or other material be held in confidence.

ii. Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making copies of documents or other material. Before disclosure to any such court reporter or person engaged in making copies, such reporter or person must agree to be bound by the terms of this Order.

iii. Disclosure may be made to consultants, investigators, or experts (collectively "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Before disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this Order requiring that the information, documents, or other material be held in confidence.

iv. Disclosure may be made to deposition and trial witnesses in connection with their testimony in the lawsuit and to the Court and the Court's staff.

v. Disclosure may be made to persons already in lawful and legitimate possession of such ATTORNEYS' EYES ONLY information.

3. **MAINTENANCE OF CONFIDENTIALITY.** Except as provided in subparagraph (2), counsel for the parties must keep all information, documents, or other material designated as confidential that are received under this Order secure within their exclusive possession and must place such information, documents, or other material in a secure area.

A. All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of information, documents, or other material designated as confidential under this Order, or any portion thereof, must be immediately affixed with the words "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" if not already containing that designation.

B. To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions, or any other papers filed or to be filed with the Court reveal or tend to reveal information claimed to be confidential, these papers or any portion thereof must be redacted only to the extent necessary. If the parties seek to seal a document, either in part or in full, they must file a motion to seal that document, together with a redacted copy on the record. The parties shall act in good faith in designating records to be filed, in whole or in part, under seal. If a Court filing contains information, documents, or other materials that were designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by a third

4

party, the party making the filing shall provide notice of the filing to the third party.

4. **COURT ORDERED AUTHORIZATION TO DISCLOSE PROTECTED HEALTH INFORMATION**

    A. Brown County, their attorneys, and their employees, their contractors, or associated "covered entities" (as defined by 45 C.F.R. § 160.13) are hereby authorized to disclose, receive, and transmit "protected health information" (PHI) pertaining to past or present inmates at the Brown County Jail in response to discovery requests from parties in this matter to the extent and subject to the conditions of this Order.

    B. Wellpath, their attorneys, and their employees, their contractors, or associated "covered entities" (as defined by 45 C.F.R. § 160.13) are hereby authorized to disclose, receive, and transmit "protected health information" (PHI) pertaining to past or present inmates in any correctional institutions where Wellpath or any of its subsidiaries or related corporate entities is/was contracted to provide healthcare during the period of time that Wellpath or any of its subsidiaries or related corporate entities is/was contracted to provide healthcare, in response to discovery requests from parties in this matter to the extent and subject to the conditions of this Order. Wellpath's ability to seek court intervention in response to concerns of overly broad discovery requests will ensure that the PHI disclosed is limited to information relevant to the specific claims of this case.

    C. Third parties are hereby authorized to disclose and transmit "protected health information" (PHI) in response to lawful third-party subpoenas served upon them in this matter. Fed. R. Civ. P. 45(a)(4), which requires parties in this matter to give notice and a copy of any third-party subpoena to other parties before it is served on the third-party along with the other parties' ability to seek court intervention in response to concerns of overly broad discovery requests will ensure that the PHI disclosed is limited to information relevant to the specific claims of this case.

    D. Entities covered by this Order are hereby authorized to disclose PHI without redaction to counsel for parties to this action (including their agents and employees) without violating the provisions of HIPAA. The parties and their attorneys are hereby authorized to receive, transmit, examine and obtain testimony of PHI that is produced pursuant to the above paragraphs A, B and C.

    E. For the purposes of this qualified protective order, PHI shall have the same scope and definition as set forth in 45 C.F.R. §§ 160.103 and 164.501. PHI includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to

an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

F. The parties and their attorneys shall be permitted to use or disclose PHI that is produced pursuant to the above paragraphs A and B for purposes of prosecuting or defending this action including any appeals of this case. This includes, but is not necessarily limited to, disclosure to their attorneys, experts, consultants, court personnel, court reporters, copy services, trial consultants, and other entities or persons involved in the litigation process.

G. PHI may not be used or disclosed for any purpose other than this litigation. Counsel shall take all other reasonable steps to ensure that persons receiving PHI do not use or disclose such information for any purpose other than this litigation.

H. To the extent that any of the parties have a policy that medical records, or PHI may not be released without either written authorization of the individual or a court order, this Order sufficiently fulfills that requirement and permits disclosure pursuant to 45 C.F.R. § 164.512(e).

I. Nothing in this Protective Order restricts the right of the parties to refer publicly to health information of any party or non-party so long as the health information is not sufficient to identify or could reasonably be expected to identify the individual.

J. This Order does not control or limit the use of PHI that comes into the possession of the parties or their attorneys from a source other than directly from opposing counsel or a "covered entity," as that term is defined in 45 C.F.R. § 160.103.

K. This Protective Order, by itself, does not require any person or entity to produce any records or allow a person or entity to inspect or obtain records, regardless of whether such records are sought through discovery requests served by the parties in this matter, or through a request or subpoena served on a third party. However, a discovery request served by the parties in this matter, or a subpoena served on a third party, may by itself, require a person or entity to produce records or allow a person or entity to inspect or obtain records. This Protective Order does not affect the applicability of Federal Rule of Civil Procedure 26(b)(1) to any party's discovery requests or responses, or to any person's or entity's responses to any subpoena, and no objections to any discovery requests or subpoenas are waived by virtue of the agreement to this Order. This Protective Order is intended to protect PHI that is disclosed pursuant to any court order or

discovery or subpoenas that are otherwise permitted by the Federal Rules of Civil Procedure.

5. **EXCEPTION FOR DISCLOSURE OF DOCUMENTS OUTSIDE THIS CASE.**

    A. Despite the above restrictions related to the disclosure of documents outside of this case, the parties in this case may disclose documents governed by this HIPAA Qualified Protective Order to the litigants in *Boncher v. Brown County et al.*, 1:23-cv-1187 (E.D. Wis.) and *Estate of Tonya K Mealman v. Wisconsin Municipal Mutual Insurance Company et al.*, 1:21-cv-00820 (E.D. Wis.). Any documents disclosed pursuant to this section are to be governed by the operative Protective Orders entered in *Boncher v. Brown County et al.*, 1:23-cv-1187 (E.D. Wis.) or and *Estate of Tonya K Mealman v. Wisconsin Municipal Mutual Insurance Company et al.*, 1:21-cv-00820 (E.D. Wis.).

6. **CHALLENGES TO CONFIDENTIALITY DESIGNATION.** A party may challenge the designation of confidentiality by motion. The movant must accompany such a motion with the statement. The designating party bears the burden of proving that the information, documents, or other material at issue are properly designated as confidential. The Court may award the party prevailing on any such motion actual attorney fees and costs attributable to the motion.

7. **CONCLUSION OF LITIGATION.** At the conclusion of the litigation, a party may request that all information, documents, or other material not filed with the Court or received into evidence and designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY under this Order must be returned to the originating party or, if the parties so stipulate, destroyed, unless otherwise provided by law. Notwithstanding the requirements of this paragraph, a party may retain a complete set of all documents filed with the Court, subject to all other restrictions of this Order.

Dated at Green Bay, Wisconsin this 3rd day of January, 2024.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge